## CITY OF NEW ORLEANS v. MASCARO.

The 59th section of an ordinance of the Common Council of New Orleans, approved December 29th, 1855, which declares, that "*every manufacturer of cordials or syrups,*" shall be taxed "*seventy-five dollars,*" is null and void, being in violation of a prohibitory law of the State. The Act of April 25th, 1853, p. 135, reënacted in the revisory statute of March 15th, 1855, sec. 3d, p. 326, having declared "that it shall not be lawful, hereafter, for any municipal corporation within this State, to levy any tax on persons engaged in selling articles of their own manufacture, manufactured within this State."

This statutory prohibition is not repealed, so far as the city of New Orleans is concerned, by the Act of 20th of March, 1856, entitled "an Act to consolidate the city of New Orleans," &c. p. 136, and even were it so, the repeal could not give vitality to an ordinance which was void *ab initio.*

The exemptions specified in the Act of 1856, as exclusive, are confined to taxes upon property; sec. 36. The subject of exemption from taxation upon particular callings, is left where it stood before.

The repealing clause in the Act of 20th of March, 1856, leaves the 3d section of the Act of March 15th, 1855, "relative to municipal corporations," in full force.

APPEAL from a judgment of the Fourth Justice of New Orleans.

*Laville,* for plaintiff. *M. Grivot,* for defendant and appellant.

SPOFFORD, J. The defendant has appealed from a judgment of the Fourth Justice of the Peace for the parish of Orleans, condemning him to pay to the plaintiff $78 75, as "a tax on the profession he exercises in manufacturing cordials and syrups within the city of New Orleans." The appeal is taken directly to this court, under the 17th section of the Act of March 15th, 1855, "relative to the Justices of the Peace for the parish of Orleans."

In his brief, the plaintiff's counsel insists that the appeal should be dismissed; but there is no motion filed to that effect. We cannot dismiss the case of our own motion, for it appears that the legality of the city ordinance under which the tax was assessed, is distinctly put at issue on the record. The sum claimed being under $300, our inquiry must be limited to that issue alone.

The tax was levied under the 59th section of an ordinance of the common council, approved December 29th, 1855. It declares that from and after the 1st day of January, 1856, the taxes and licenses for professions, callings, and other business throughout the city and parish, shall be fixed, assessed and collected, at the rates and sums specially set forth in the following sections:

"Section 59. Every manufacturer of cordials or syrups, seventy-five dollars."

Now the legislative Act of April 25th, 1853 (Sess. Acts, p. 135), reënacted in the revisory statute of March 15th, 1855, sec. 3 (Sess. Acts, p. 326), declared, that "it shall not be lawful, hereafter, for any municipal corporation within this State, to lay any tax on persons engaged in selling articles of their own manufacture, manufactured within this State."

The 59th section of the ordinance thus passed in violation of a prohibitory law of the State, is therefore null and void.

But the appellee contends that this statutory prohibition was repealed, so far as the city of New Orleans is concerned, by the Act of March 20th, 1856, amendatory of an Act entitled "an Act to consolidate the city of New Orleans," &c. Sess. Acts, p. 136.

If it were so, we do not perceive how the repeal could give vitality to an ordinance which was void *ab initio ;* but we find no repeal of the former prohibition in the latter Act. All its clauses can be made to harmonize with the previous exemption accorded to persons engaged in domestic manufactures.

The exemptions specified in the Act of 1856, as exclusive, are confined to taxes upon property alone (sec. 36). The subject of exemption from taxation upon particular callings or occupations is left where it stood before. There is no new " or inconsistent provision" upon this subject-matter, and the repealing clause in the Act of March 20th, 1856, leaves the 3d section of the Act of March 15th, 1855, "relative to municipal corporations," in full force and virtue.

It is therefore ordered, that the judgment of the Fourth Justice of the Peace in this case, be avoided and reversed; and it is further ordered and decreed, that there be judgment for the defendant, with costs in both courts.